1  JOSHUA E. KIRSCH (179110)
   GIBSON ROBB & LINDH, LLP
2  201 Mission Street, Suite 2700
   San Francisco, California  94105
3  Telephone:  (415) 348-6000
   Facsimile:   (415) 348-6001
4  Email:        jkirsch@gibsonrobb.com

5  Attorneys for Plaintiff
   CERTAIN UNDERWRITERS AT LLOYDS
6  SUBSCRIBING TO POLICY NO. 0801Q16413M13

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYDS SUBSCRIBING TO POLICY NO. 0801Q16413M13,<br><br>Plaintiff,<br><br>v.<br><br>TRANSPORT CONTINENTAL, INC., a corporation; TRANSPORT CONTINENTAL LOGISTICS, a corporation,<br><br>Defendants. | Case No. **'16CV2739 AJB  DHB**<br><br>**COMPLAINT FOR DAMAGE TO MOTOR TRUCK CARGO**<br><br>**JURY TRIAL DEMAND**<br><br>($275,000) |

Plaintiff's complaint follows:

1.  Plaintiff CERTAIN UNDERWRITERS AT LLOYDS SUBSCRIBING TO POLICY NO. 0801Q16413M13 ("UNDERWRITERS"), is now, and at all times herein material was, a group of insurance syndicates associated with Lloyds of London, which are citizens of the United Kingdom. UNDERWRITERS was the first party cargo insurer of the cargo that is the subject of this action.

///

///

2. Plaintiff is informed and believes and on the basis of that information and belief alleges that TRANSPORT CONTINENTAL, INC. and TRANSPORT CONTINENTAL LOGISTICS (collectively "TCI"), are corporations and are now, and at all times herein material were, engaged in business as motor truck carriers, bailees for hire, and logistics providers within the United States and within this judicial district.  Defendants TCI are citizens of Texas.

3. This dispute is between subjects of a foreign state and citizens of a U.S. State, and the disputed amount exceeds $75,000.  Accordingly, this Court has diversity jurisdiction over this claim pursuant to 28 U.S.C. §1332(a).  Venue is proper in this district under 28 U.S.C. §1391(b).

4. Plaintiff is informed and believes and on the basis of such information and belief alleges that on or about October 30, 2014, at San Diego, California, defendants TCI agreed, orally and in writing and in return for good and valuable consideration, to provide a transportation trailer and to carry, from Queretaro, Mexico, to Chickasha, Oklahoma, the cargo that is the subject of this action, and there deliver said cargo in the same good order, and condition as when received.  Thereafter, at Queretaro, Mexico, defendants TCI and/or their agents, received a cargo of a laser cutting machine for carriage in TCI trailer number 53945, and others, under bill of lading and Quote Sheet numbers QRO-000739, 1014437 and others, issued by and/or on behalf of said defendants, pursuant to said agreements.

5. However, in breach and violation of said agreements, defendants failed to deliver the cargo in the same good order and condition as when received, instead delivering the cargo in a severely damaged condition, as a result of which the cargo was rendered a total loss in the amount of $275,000.  Prior to the loss, plaintiff UNDERWRITERS issued its policy of insurance whereby UNDERWRITERS agreed to indemnify the owner of said cargo, or its assigns, against loss of or damage to the cargo in transit.  As a result of the loss,

UNDERWRITERS was obligated to indemnify the owner of said cargo or its assigns against the loss, and has paid $275,000 on account of the loss.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

6. Plaintiff realleges and incorporates herein with like force and effect as though set forth fully each and every allegation of paragraphs 1 through 5 set forth above.

7. Said defendants entered into valid oral or written contracts, for valuable consideration, under which said defendants were obligated to deliver the subject cargo in the same good order and condition as received.

8. In breach of said contracts, defendants failed to deliver the cargo in the same good order and condition as when received. As a result of said defendants' breaches, the cargo was severely damaged and rendered a total loss.

9. Plaintiff UNDERWRITERS has therefore been damaged in the sum of $275,000, no part of which has been paid, despite demand therefor.

WHEREFORE, Plaintiff prays relief as hereinafter set forth.

## SECOND CAUSE OF ACTION
### (Negligence)

10. Plaintiff realleges and reincorporates each and every allegation contained within paragraphs 1 through 9 set forth above.

11. Said defendants owed plaintiff's subrogor a duty of reasonable care with respect to the transportation of the cargo, but breached their duty of care. Defendants' negligence includes, but is not limited to, failing to properly hire and supervise subcontractors, failing to properly care for, protect, load, handle, unload, secure and otherwise guard against cargo damage, among other acts and omissions. As a direct result of the breach, the cargo was severely damaged and rendered a total loss.

/ / /

12.     As a direct result of Defendants' negligence, Plaintiff and its subrogor suffered foreseeable damages.

13.     Plaintiff UNDERWRITERS has therefore been damaged in the sum of $275,000, no part of which has been paid, despite demand therefor.

WHEREFORE, Plaintiff prays relief as hereinafter set forth.

## THIRD CAUSE OF ACTION
### (Bailment)

14.     Plaintiff realleges and incorporates herein with like force and effect as though set forth fully each and every allegation of paragraphs 1 through 13 set forth above.

15.     In receiving and agreeing to safely deliver the cargo as set forth above, said defendants acted as bailees for hire, setting up a bailment agreement as a matter of law.  In breach of said bailment agreement, said defendants failed to safely deliver said cargo in the same good order and condition as when received.

16.     Plaintiff UNDERWRITERS has therefore been damaged in the sum of $275,000, no part of which has been paid, despite demand therefor.

WHEREFORE, Plaintiff prays that this Court enter judgment in its favor and against the defendants; that this Court decree payment by the defendants to Plaintiff in the amount of $275,000, or some other amount to be proven at trial, together with prejudgment interest thereon, and costs of suit; and that Plaintiff have such other and further relief as in law and justice it may be entitled to receive.  Plaintiff demands a jury trial.

Respectfully submitted,

Dated: November 4, 2016            GIBSON ROBB & LINDH LLP

/s/ JOSHUA E. KIRSCH
Joshua E. Kirsch
Attorneys for Plaintiff
CERTAIN UNDERWRITERS AT
LLOYDS SUBSCRIBING TO POLICY
NO. 0801Q16413M13