UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYDS SUBSCRIBING TO POLICY NO. 0801Q16413M13,<br><br>Plaintiff,<br><br>v.<br><br>TRANSPORT CONTINENTAL, INC., AND TRANSPORT CONTINENTAL LOGISTICS,<br><br>Defendants. | Case No.: 3:16-CV-02739-AJB-DHB<br><br>**ORDER:**<br><br>**(1) DENYING DEFENDANTS' MOTION TO DISMISS; AND**<br>**(Doc. No. 26)**<br><br>**(2) GRANTING DEFENDANTS' UNOPPOSED MOTION TO WITHDRAW AS COUNSEL OF RECORD**<br>**(Doc. No. 29)** |

Presently before the Court are two motions: Defendants Transport Continental, Inc., and Transport Continental Logistics' (collectively referred to as "Defendants") motion to dismiss and their motion to withdraw as counsel of record. (Doc. Nos. 26, 29.) Upon review of the parties' arguments in support and opposition of the motions, the Court finds the motions suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1.d.1. Accordingly, the motion hearing set for June 29, 2017, at 2:00 p.m. in Courtroom 4A is vacated. As set forth more fully below, Defendants' motion to

dismiss is **DENIED** and their motion to withdraw as attorney is **GRANTED**.

## BACKGROUND[1]

Plaintiff Certain Underwriters at Lloyds Subscribing to Policy No. 0801Q16413M13 ("Plaintiff") is a group of insurance syndicates associated with Lloyds of London, which are citizens of the United Kingdom. (Doc. No. 1 ¶ 1.) Specifically, Plaintiff was the first party cargo insurer of the cargo that is the subject of this action. (*Id.*) Defendants are corporations that are citizens of Texas, which are engaged in business as motor truck carriers, bailees for hire, and logistics providers within the United States. (*Id.* ¶ 2.)

The instant matter centers on the transport of a laser cutting machine (the "Cargo"). (*Id.* ¶ 4.) On or about October 30, 2014, Defendants agreed orally and in writing to provide a transportation trailer to carry the Cargo from Queretaro, Mexico, to Chickasha, Oklahoma. (*Id.*) The contract was made in San Diego and stated that the Cargo was to be delivered in the same condition as when it was received. (*Id.*)

However, in breach of the foregoing contract, Defendants allegedly delivered the Cargo to its final destination severely damaged, with a total loss amount of $275,000. (*Id.* ¶ 5.) As a result, Plaintiff was obligated to indemnify the owner of the Cargo for the entire amount of the loss. (*Id.*)

Plaintiff filed its Complaint on November 4, 2016, alleging breach of contract, negligence, and bailment. (*See generally* Doc. No. 1.) On December 12, 2016, Defendants filed a motion to dismiss, or, in the alternative, to transfer venue, (Doc. No. 6), which was denied on March 20, 2017. (Doc. No. 23.) Subsequently, Defendants filed the present motion, its motion to dismiss on April 17, 2017. (Doc. No. 26.) On May 1, 2017, one of Defendants' counsel, Brittany Shaw, filed a motion to withdraw as counsel of record. (Doc. No. 29.)

///

---

[1] The following facts are taken from the Complaint and construed as true for the limited purpose of resolving the instant motion. *See Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1247 (9th Cir. 2013).

# LEGAL STANDARD

## A. Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a plaintiff's complaint and allows a court to dismiss a complaint upon a finding that the plaintiff has failed to state a claim upon which relief may be granted. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "[A] court may dismiss a complaint as a matter of law for (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *SmileCare Dental Grp. v. Delta Dental Plan of Cal.,* 88 F.3d 780, 783 (9th Cir. 1996) (internal quotation marks and citation omitted). However, a complaint will survive a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). In making this determination, a court reviews the contents of the complaint, accepting all factual allegations as true, and drawing all reasonable inferences in favor of the nonmoving party. *Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.,* 497 F.3d 972, 975 (9th Cir. 2007).

Notwithstanding this deference, the reviewing court need not accept "legal conclusions" as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). It is also improper for a court to assume "the [plaintiff] can prove facts that [he or she] has not alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters,* 459 U.S. 519, 526 (1983).

## B. Motion to Withdraw as Counsel

"An attorney may not withdraw as counsel except by leave of court, and the decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court." *Beard v. Shuttermart of Cal., Inc.*, Case No. 07CV594 WQH (NLS), 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008) (internal quotation marks and citation omitted); *see also* CivLR 83.3(f)(3). "In ruling on a motion to withdraw as counsel, courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the

degree to which withdrawal will delay the resolution of the case." *Leatt Corp. v. Innovative Safety Tech., LLC*, No. 09-CV-1301-IEG (POR), 2010 WL 444708, at *1 (S.D. Cal. Feb. 2, 2010) (citation omitted).

**DISCUSSION**

A. Plaintiff's Objections

As an initial matter, the Court will first turn to Plaintiff's objections filed with its opposition to Defendants' motion to dismiss. (Doc. No. 28-1.) Plaintiff objects to (1) Defendants' allegation that the Cargo was being transported by a Mexican carrier; (2) Defendants' allegation that the Cargo was damaged in Mexico; and (3) Exhibit A to Defendants' motion to dismiss. (*Id.* at 2–4.) In support of its objections, Plaintiff argues that Defendants are using extrinsic evidence outside of the Complaint, that the allegations lack foundation, and that the statements are irrelevant and inadmissible. (*Id.*)

Here, the contentions that the Cargo was damaged in Mexico and was being transported by a Mexican carrier do not appear within the four corners of Plaintiff's Complaint. (*See generally* Doc. No. 1.) Accordingly, in ruling on Defendants' motion to dismiss, the Court declines to consider these allegations in coming to its holding. *See Parrino v. FHP, Inc.*, 146 F.3d 699, 706 n.4 (9th Cir. 1998) *superseded by statute on other grounds in Mcmanus v. Mcmanus Fin. Consultants, Inc.*, 552 F. App'x 713 (9th Cir. 2014) (noting that "where a defendant attaches extrinsic evidence to a Rule 12(b)(6) motion, the court ordinarily must convert that motion into one for summary judgment under Rule 56 to give the plaintiff an opportunity to respond"); *see also Saldate v. Wilshire Credit Corp.*, 686 F. Supp. 2d 1051, 1058 (E.D. Cal. 2010) ("[A] court generally cannot consider material outside the complaint."); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1104, 1118 (C.D. Cal. 2015) ("In deciding a Rule 12(b)(6) motion, the court generally looks only to the face of the complaint and documents attached thereto." (citation omitted)).

In regards to Exhibit A attached to Defendants' motion to dismiss, Plaintiff argues that the exhibit lacks foundation and that the statement is irrelevant and inadmissible. (Doc. No. 28-1 at 3.) Defendants retort that Exhibit A, which is a copy of the TCI Bill of Lading,

should be considered as it is expressly referenced in the Complaint and is central to Plaintiff's claims. (Doc. No. 31 at 4.) The Court agrees with Defendants. Here, Plaintiff does expressly reference the bill of lading in its Complaint. (Doc. No. 1 ¶ 4.) Moreover, the Court finds the bill of lading, which serves as a receipt of the shipment of the Cargo, to be a key part of Plaintiff's Complaint. Accordingly, as this document is incorporated by reference, Plaintiff's objection to Exhibit A is **DENIED**. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("A court may, however, consider certain materials– documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice–without converting the motion to dismiss into a motion for summary judgment."); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (a court may consider "other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.").

Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's objections.

### B. Merits of Defendants' Motion to Dismiss

Defendants argue that Plaintiff's Complaint should be dismissed for two reasons: (1) Plaintiff has failed to state a claim because Mexican law applies to its claims; and (2) Plaintiff's claims governed by the Carmack amendment do not apply to claims for Cargo damaged south of the border. (Doc. No. 26-1 at 4–10.) The Court will analyze both of Defendants' arguments together as its analysis is related.

"Typically, a court can only consider what's in the complaint when it is deciding a Rule 12(b)(6) motion to dismiss a complaint." *Hsu v. Puma Biotechnology, Inc.*, 213 F. Supp. 3d 1275, 1279 (C.D. Cal. 2016) (citation omitted); *see also In re Rigel Pharm., Inc. Sec. Litig.*, 697 F.3d 869, 875 (9th Cir. 2012) (challenges to a dismissal for failure to state a claim is "generally limited to the face of the complaint, materials incorporated into the complaint by reference, and matters of which we may take judicial notice").

Unfortunately for Defendants, their motion to dismiss is premised on the allegation that the Cargo was damaged in Mexico. (Doc. No. 26-1 at 4–9.) However, as discussed *infra* p. 4, Plaintiff's Complaint never pled where the Cargo was allegedly damaged and thus Plaintiff's objection to the use of this allegation was granted. Accordingly, as both of Defendants' main contentions are premised on extrinsic evidence on which this Court cannot take into consideration, its arguments collapse upon themselves. Based on this, Defendants' motion to dismiss is **DENIED**.[2] *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) *superseded by statute on other grounds by Blue Dolphin Charters, Ltd. v. Knight & Carver Yachtcenter, Inc.*, Civil No. 11-cv-565-L (WVG), 2012 WL 1185945 (S.D. Cal. Apr. 9, 2012) (noting that a district court generally only considers the material submitted as part of the complaint in ruling on a Rule 12(b)(6) motion); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001) *overruled on other grounds by Martinez v. Cnty. of Santa Clara*, Case No. 16-CV-05626-LHK, 2017 WL 2180985 (N.D. Cal. May 18, 2017) (noting that a court may only consider extrinsic evidence by converting a motion to dismiss into a motion for summary judgment); *Gumataotao v. Director of Dept. of Revenue and Taxation*, 236 F.3d 1077, 1082–83 (9th Cir. 2001) (holding that the district court was not required to consider evidence outside of the pleadings when ruling on a motion to dismiss).

C. <u>Motion to Withdraw as Counsel</u>

The Court now turns to Defendants' motion to withdraw as counsel of record. (Doc. No. 29.) On May 17, 2017, Plaintiff filed a statement of non-opposition to Defendants' motion to withdraw. (Doc. No. 35.)

Under the Civil Local Rules, "[a] notice of motion to withdraw as attorney of record

---

[2] Based on this, the Court need not reach the parties' arguments on whether the Carmack amendment preempts all state and common law claims to recover for cargo damages in the United States, (Doc. No. 26-1 at 8; Doc. No. 28 at 9), or whether California's three-step governmental interest analysis to choice of law questions deems that Mexican law should or should not apply. (Doc. No. 26-1 at 4-6; Doc. No. 28 at 4-6.)

must be served on the adverse party and on the moving attorney's client." CivLR 83.3(f)(3)(a). In addition "a declaration pertaining to such service must be filed." *Id*. at 83.3(f)(3)(b).

In support of this motion, Ms. Shaw[3] contends that her withdrawal will not prejudice the rights of Defendants as Eric L. Zalud and Virginia Price will remain as counsel. (Doc. No. 29 at 2.) No further reasons for Ms. Shaw's withdrawal is provided. Moreover, the Court notes that a declaration of service was not filed along with this motion. However, finding that withdrawal by Ms. Shaw will not prejudice Defendants and that this motion is unopposed, the Court within its discretion **GRANTS** Ms. Shaw's motion to withdraw as counsel of record for Defendants. *See Myers v. City of Madera*, No. 1:10-cv-01398 AWI JLT, 2011 WL 2473270, at *1 (E.D. Cal. June 21, 2011) ("The decision to grant withdrawal is within the discretion of the Court and leave 'may be granted subject to such appropriate conditions as the Court deems fit.'" (citation omitted)).

## **CONCLUSION**

Based on the foregoing, Defendants' motion to dismiss Plaintiff's Complaint is **DENIED** and its motion to withdraw as counsel of record is **GRANTED**.

**IT IS SO ORDERED**.

Dated: May 31, 2017

Hon. Anthony J. Battaglia
United States District Judge

---

[3] Ms. Shaw is currently one of four attorneys representing Defendants.

7

3:16-CV-02739-AJB-DHB